No. 9656.

CLARKE *v.* COMMERCE STATE AND SAVINGS BANK ET AL.

BILL OF SALE—*Intended to operate as a will.* Plaintiff was demanding certain articles of jewelry and other properties, formerly the property of a Mrs. Bristow, and upon deposit in the bank. She was opposed by the administrator of Mrs. Bristow's estate. It appeared that this lady, being in difference with her husband, consulted an attorney as to a will which she had executed in favor of plaintiff, and was advised that she could not lawfully devise away from her husband more than one-half of her property. Shortly thereafter Mrs. Bristow executed a bill of sale conveying to plaintiff all her personal effects, and the same day plaintiff executed a like bill of sale to Mrs. Bristow. The safety deposit box in which all the properties in question were deposited was rented in the name of the two ladies. From these and other circumstances *held* that the court below was correct in its conclusion that the purpose of the two ladies was to vest in the survivor of them the properties of the other, and in effect created neither a sale nor a gift.

*Error to the Denver District Court, Hon Julian H. Moore, Judge.*

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, Mr. JOHN H. LEIPER, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action in replevin, in which the plaintiff below, Frances J. Clarke, seeks to recover possession of certain

chattels, including articles of jewelry, bonds, and certificates of stock, which, it is alleged in the complaint, are contained in a box in the safety vault of the defendant, The Commerce State and Savings Bank. One Frank Bristow, as administrator of the estate of Elna F. Bristow, deceased, intervened in the action, and claimed the right to the possession of certain of the chattels in question as having been the property of Elna F. Bristow during her life time and as being now the property of her estate.

Upon trial to the court, all the issues were found against the plaintiff, and, upon a motion for a new trial being overruled, judgment was rendered accordingly, and plaintiff brings the cause here for review.

As between the plaintiff and the defendant bank, the controversy relates to the possession of two railroad bonds. These bonds had been put up by the plaintiff as collateral security for a loan obtained by her from the defendant bank in the sum of $900, and, as stated in the brief of the plaintiff in error, "the bank claims the right to hold the bonds until the debt of Miss Clark (the plaintiff) is paid." In respect to this branch of the case, we find no error in the record.

As between the plaintiff and the intervenor, the dispute concerns the ownership of the property sought to be replevied. The trial court found that plaintiff did not prove her title to the property. The only question necessary to be determined, upon this review, in this connection, is whether or not the evidence is sufficient to support such finding.

The plaintiff's answer to the petition of the intervenor admits that the property in controversy "was formerly owned by Elna F. Bristow." The plaintiff relies upon a bill of sale which was executed by Mrs. Bristow on August 9, 1918, conveying to plaintiff "all right, title and interest" of Mrs. Bristow "in and to any property owned" by her "wheresoever located." This bill of sale was acknowledged before the witness, Harry S. Bowman, an attorney and a notary public residing at Santa Fe, New Mexico. This

witness testified that on the same day there was executed by the plaintiff to Mrs. Bristow a bill of sale. Prior to this time, and on March 27, 1918, Elna F. Bristow executed a bill of sale, conveying to the plaintiff the bonds and certificates of stock involved in this action, and also all her "personal effects, such as jewelry, wherever located or found." On the same day, the plaintiff executed a bill of sale conveying, among other things, "money and credits," interests in mining claims, and all her personal effects, to Elna F. Bristow. In each of these last mentioned two bills of sale, it was recited that the conveyance was made "for and in consideration of love and affection and services rendered and moneys paid." The bill of sale executed by Mrs. Bristow on March 27, 1918, was made out by her shortly after she had consulted her attorney with reference to a will in favor of the plaintiff, and had been informed by him that she could not legally will away more than one-half of her property from her husband. At that time, and subsequently, there was more or less coolness between her husband and herself. At the time she consulted her attorney, it appears that she had in mind a *testamentary* disposition of her property. The trial court based its finding on the theory that the evidence warrants the conclusion that the bill or bills of sale, relied on by plaintiff, was or were made without consideration, and that the purpose of the bills of sale executed by Mrs. Bristow, and those executed by the plaintiff, was to vest the title to whatever property one had, upon her death, in the survivor. The foregoing conclusion was based, not merely upon the facts hereinabove recited, but upon the whole evidence, including the contents of the safety deposit box. At the time of the trial, the box contained papers and articles included in the list of chattels named in the bill of sale executed by the plaintiff, and also bonds, certificates and jewelry named in the bill of sale executed by Mrs. Bristow. The box had been leased from the defendant bank, on March 27, 1918, jointly by the plaintiff and Elna F. Bristow, and the evidence warrants the inference that each retained a key to the box. The stock

certificates in the name of the plaintiff, which were in the safety deposit box at the time it was produced at the trial, had all been endorsed in blank by the plaintiff. The box also contained a check payable to the order of the plaintiff and signed by Mrs. Bristow. The date in the check had been left blank; the amount payable was not specified. This is another circumstance tending to show that the plaintiff and Mrs. Bristow intended their respective bills of sale to operate as wills, and not as evidencing sales or gifts *inter vivos*.

It is not shown that the trial court misconceived the law applicable to the evidence. There is sufficient evidence in the record to support the trial court's finding that the bills of sale executed by Mrs. Bristow created neither a sale nor a gift, and, therefore, that plaintiff did not prove her title to the property.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.